Commonwealth ex rel. Lewis, Appellant, *v.*
Maroney.

Submitted October 11, 1965. Before BELL, C. J.,
MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*William Lewis*, appellant, in propria persona.

*Joseph S. Walko*, First Assistant District Attorney,
and *Robert J. Masters*, District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 4, 1966:
The appellant, William Lewis, on December 6, 1963,
while represented by counsel, plead guilty to an indict-
ment charging him with the crime of voluntary man-

slaughter. On January 29, 1964, he appeared in court with his counsel for the purpose of being sentenced. The court proceeded to hear testimony on the part of the Commonwealth and on behalf of the defendant, after which the court sentenced Lewis to serve an indeterminate term in a state correctional institution, for a term of six to twelve years. No motion to withdraw the plea was ever filed, nor was an appeal entered from the judgment.

On March 19, 1965, Lewis instituted an action of habeas corpus, which the lower court dismissed after hearing. An appeal from this order is presently before us.

The sole question now raised by Lewis is that a confession given to investigating police following his arrest was erroneously admitted (without objection) against him during the hearing incident to the court's passing sentence. It is asserted that at the time of making the confession, he was without the assistance of counsel and was not warned of his constitutional right thereto, or his right to remain silent, citing *Escobedo v. Illinois*, 378 U.S. 478 (1964).

Assuming arguendo, that *Escobedo* renders a confession given under the circumstances appellant asserts is void for all purposes and as a result may not be used against the maker, even by the court in determining the sentence to be imposed, the question may not be raised at this late date. See, *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965).

Moreover, contrary to Lewis' present assertions, the record establishes conclusively that before giving the confession involved, he was clearly warned of his right to remain silent, and of his right not to answer any questions unless his lawyer was present. Under such circumstances, the confession was constitutionally valid and properly admissible in any proceeding in furtherance of the prosecution.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.