National Home Life Assurance Company and Veterans Life Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Insurance Department, and The Honorable Anthony Geyelin, Acting Insurance Commissioner, Respondents.

Argued October 17, 1984, before Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

*John Havas,* with him, *S. Walter Foulkrod, III* and *James Reynolds, Jr., Foulkrod, Reynolds & Havas,* for petitioners.

*Michael L. Harvey,* Deputy Attorney General, with him, *Allen C. Warshaw,* Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE CRAIG, October 29, 1984:

National Home Life Assurance Company and Veterans Life Insurance Company have filed a petition for review in our original jurisdiction seeking to enjoin the Pennsylvania Insurance Department and Acting Insurance Commissioner Anthony Geyelin from conducting administrative proceedings pursuant to a show cause order which the department had issued to the two companies. Geyelin and the department have filed preliminary objections in the nature of a petition to dismiss for failure to exhaust administrative remedies, a suggestion of mootness[1] and a demurrer.

On February 2, 1984, the department issued a show cause order which alleged that the companies had violated the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, 40 P.S. §§1171.1-1171.15, by con-

---

[1] Mr. Geyelin is no longer with the Insurance Department.

ducting several mail solicitation campaigns designed to induce the misconception that the federal government either sponsored or endorsed the offered insurance.

The companies then filed this petition for review, seeking an injunction of the administrative process because Commissioner Geyelin and department counsel had allegedly commingled investigative, prosecutorial and adjudicative functions, thereby violating the companies' constitutional due process rights.

In their preliminary objections, the department and the commissioner first contend that the companies have available a full and adequate remedy at law, and therefore we should dismiss the petition for failure to exhaust administrative remedies.[2] We agree.

The law is well settled that a party may not challenge administrative decision-making through the vehicle of judicial review without first exhausting all administrative remedies. *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 422 A.2d 141 (1980). "[P]remature interruption of the administrative process restricts the agency's opportunity to develop an adequate factual record, limits the agency in the exercise of its expertise and impedes the development of a cohesive body of law. . . ." *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 47, 451 A.2d 434, 438 (1982).

The companies contend that the administrative remedy is inadequate here because of bias on the part of the commissioner, who has the power to preside at the administrative hearing. Although Acting Com-

---

[2] Contrary to the respondents' characterization of their objection, the companies' failure to exhaust administrative remedies does not divest this court of the jurisdiction provided by 42 Pa. C. S. §761(a). *Shenango Valley Osteopathic Hospital v. Department of Health*, 420 Pa. 39, 46 n. 7, 451 A.2d 434, 437 n. 7 (1982).

missioner Geyelin, pursuant to his authority under 1 Pa. Code §35.186, here appointed a presiding officer to conduct the hearings in this case, the companies argue that the commissioner not only attended, but actually presided over some initial hearings, and that his influence has permanently tainted the fairness of the administrative proceedings.

In support of their contention that this court may properly enjoin the continuance of the administrative process, the companies cite several cases from our Supreme Court; however, in each of those cases, the administrative agency involved did not have the authority to determine the relevant issues, and consequently, the administrative remedy was inadequate.[3] The Supreme Court specifically noted in one of those cases that where the requested relief would be to enjoin further administrative action, the case law supports the position that equity should not interfere with the administrative process. *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 9-10 n. 5, 383 A.2d 791, 795 n. 5 (1977).

The present case is more closely analogous to our recent decision in *Tulio v. State Horse Racing Commission*, 79 Pa. Commonwealth Ct. 305, 470 A.2d 645 (1984), where the petitioner sought injunctive relief to negate an administrative determination alleging

---

[3] *Arsenal Coal Company v. Department of Environmental Resources*, 71 Pa. Commonwealth Ct. 187, 477 A.2d 1333 (1984) (Environmental Hearing Board did not have authority to conduct preenforcement review of Environmental Quality Board's regulations) ; *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982) (State Health Facility Hearing Board did not have jurisdiction to determine the constitutionality of its enabling legislation) ; *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1977) (Public Utility Commission did not have power to award damages to private litigant for utility's breach of contract).

bias and commingling of functions on the part of an administrative official. We concluded that a traditional appeal from that administrative decision was adequate and would fully protect the petitioner's due process rights.[4]

We see no reason to depart from that approach in the present case. At this juncture, we cannot properly address the question of whether the administrative process—which is only partially completed—would result in a denial of the companies' constitutional rights.

The administrative process should continue to its conclusion, and the companies should present any objections they have to the presiding officer. Should they be dissatisfied with the final decision, they may then raise the due process issue on appeal to this court. 42 Pa. C. S. §763(a).

Because we sustain the respondents' preliminary objection addressed to the exhaustion of administrative remedies, we need not address the suggestion of mootness or the demurrer.

Accordingly, the petition for review is dismissed.

ORDER

Now, October 29, 1984, preliminary objection number 1 of the Department of Insurance and Acting Insurance Commissioner is sustained, and the petition

---

[4] The companies also cite *Dussia v. Barger*, 466 Pa. 152, 351 A.2d 667 (1975), for the proposition that a permanent injunction is proper when an agency commingles prosecutorial and adjudicative functions. That case is not controlling, however, because it involved a state police field regulation which, in implementing a section of the Administrative Code, created an impermissible commingling of functions. In contrast, here the commingling allegation concerns, not the regulatory framework, but the behavior of department personnel.

for review is dismissed. Accordingly, the per curiam order of this court, dated October 11, 1984, setting a preliminary injunction hearing, is hereby vacated.