572 A.2d 239

**In re Thomas A. EBERLE, Sr.**

**Appeal of Thomas A. EBERLE, Sr.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 4, 1989.

Decided March 2, 1990.

Reargument Denied May 1, 1990.

Edward F. Muller, Jr., Media, for appellant.

Christopher J. Clements, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellee, Dept. of Transp., Bureau of Driver Licensing.

Before CRUMLISH, Jr., President Judge, and CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

McGINLEY, Judge.

Thomas A. Eberle, Sr. (Licensee) appeals from an order of the Court of Common Pleas of Chester County (trial court) which denied Licensee's appeal from a 55 day suspension of his operating privileges by the Department of Transportation (DOT).

In 1985 Licensee began the calendar year with one point on his driving record. On April 21, 1985, Licensee committed a speeding violation for which he was subsequently convicted and assigned five points as of July 22, 1985. This resulted in Licensee accumulating six points. Licensee was then required to pass a special examination. Licensee passed this examination on August 22, 1985, and two points were removed from Licensee's driving record. In the interval, on May 5, 1985, Licensee was again stopped for speeding and subsequently convicted. On September 6, 1985, four points were assigned to Licensee's driving record which resulted in an accumulation of eight points.

On September 13, 1985, DOT notified Licensee that he had accumulated six points for the second time and scheduled a hearing on the violation. Subsequent to the hearing, on September 27, 1985, DOT imposed a 15 day suspension upon Licensee.

Licensee appealed the 15 day suspension to the Court of Common Pleas of Delaware County (Delaware County court). Although the appeal was scheduled by the Delaware County court for hearing in December 1985, nothing occurred until the appeal was sustained on March 23, 1988.

In the interim, on May 30, 1986, Licensee was again convicted of a speeding violation. On August 7, 1986, DOT sent Licensee notice that three additional points had been assigned to his driving record.

On August 26, 1988, more than five months after the Delaware County court sustained Licensee's appeal of the 15 day suspension issued in September 1985, DOT issued Licensee a 55 day suspension pursuant to section 1539 of the Vehicle Code, 75 Pa.C.S. § 1539, as a result of Licensee's accumulation of eleven points on his driving record. This suspension was scheduled to commence on September 30, 1988.

However, on September 23, 1988, Licensee appealed the suspension to the trial court. Licensee argued to the trial court that pursuant to section 1551 of the Vehicle Code, 75

Pa.C.S. § 1551,[1] DOT was required to suspend Licensee within six months of Licensee's May 30, 1986, conviction for speeding which resulted in the accumulation of eleven points. The trial court rejected Licensee's argument noting that, pursuant to section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550,[2] DOT is prohibited from taking departmental action, such as issuing a suspension, while a section 1550 supersedeas is in effect. The trial court concluded that, because Licensee had appealed an earlier 15 day suspension in September 1985, DOT was prohibited under section 1550(b) from issuing any subsequent suspension until that appeal was resolved on March 23, 1988. Consequently, the trial court denied Licensee's appeal. Licensee subsequently appealed to this Court.

Licensee presents two issues for our review. First, Licensee contends that the trial court erred in excusing DOT from complying with the provisions of section 1551 of the Vehicle Code. Section 1551 requires DOT to notify Licensee of a license suspension within six months of the convic-

1. Section 1551 of the Vehicle Code provides:
   The department shall promptly notify each person whose license or permit is suspended as a result of the accumulation of points. The notification that the license or permit is suspended shall be made within six months following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. Failure of the department to give prompt notice of suspension as required by this section shall prohibit the department from suspending the license or permit of such person.

2. Section 1550 of the Vehicle Code provides:
   (a) **General rule.**—Any person denied a driver's license or whose operating privilege has been recalled, canceled, suspended or revoked by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).
   (b) **Supersedeas.**—The filing of the petition shall operate as a supersedeas and no recall, suspension, cancellation or revocation shall be imposed against such person until final determination of the matter.
   (c) **Proceedings of court.**—The court shall set the matter for hearing upon 30 days written notice to the department and determine whether the petitioner is in fact the person whose operating privilege is subject to the recall, suspension, cancellation or revocation.

tion which resulted in the suspension. Second, Licensee contends that the trial court erred in sustaining DOT's refusal to credit three points to Licensee for each of the last two consecutive years of violation-free driving.

■ This Court's scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether an error of law has been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth of Pennsylvania,* 103 Pa.Commonwealth Ct. 148, 520 A.2d 83 (1987).

■ Licensee's first contention is that DOT's failure to impose a suspension upon Licensee within six months of his May 30, 1986, conviction violates section 1551 of the Vehicle Code and, as a result, DOT is thereafter prohibited from suspending Licensee's license for that conviction. Licensee argues that the automatic supersedeas provided by section 1550(b) of the Vehicle Code should be limited to the suspension from which the appeal is taken. Licensee contends that this limitation is especially applicable in his case because all eleven points which he had accumulated after his May 30, 1986, conviction were solid and that no attack was made upon that point accumulation in the earlier appeal. Thus, Licensee contends that DOT had no valid reason for waiting to suspend him.

DOT, on the other hand, contends that the supersedeas required by section 1550(b) is an absolute prohibition against DOT taking any further suspension action under the point system. As noted by the trial court, this issue involves an interpretation of the relationship between sections 1550(b) and 1551 of the Vehicle Code.

Section 1550(b) provides that, "[t]he filing of ,a petition shall operate as a supersedeas and no recall, suspension, cancellation or revocation shall be imposed against such person *until final determination of the matter."* (Emphasis added.) Clearly, DOT is prohibited from suspending Licensee based upon a matter under appeal. However,

section 1550(b) cannot be construed to prohibit any subsequent suspension arising from factual matters unrelated to the earlier appeal. In the case *sub judice*, Licensee did not contest the point accumulation in his earlier appeal of the September 1985 suspension. In fact, when Licensee's appeal was sustained, it was only the suspension which was rescinded, Licensee's point accumulation was not affected.

Licensee's May 30, 1986 speeding conviction must be considered a separate matter from his appeal of the September 1985 suspension for reaching six points twice. Pursuant to section 1551, DOT had six months to notify Licensee that his license would be suspended pursuant to section 1539 of the Vehicle Code [3] for reaching an accumulation of eleven points on his driving record. Section 1550(b) does not relieve DOT of its obligation to comply with the six month limitation on the imposition of a suspension when the suspension is based on a factual matter unrelated to an earlier appeal which gave rise to the supersedeas currently in effect. To conclude otherwise would render section 1551 meaningless whenever a 1550(b) supersedeas was in effect regardless of its underlying cause.

■ Accordingly, the order of the trial court is reversed and Licensee's appeal of DOT's 55 day suspension of his

---

**3.** Section 1539 of the Vehicle Code, 75 Pa.C.S. § 1539 provides:

(a) **General rule.**—When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person as provided in subsection (b).

(b) **Duration of suspension.**—The first suspension shall be for a period of 5 days for each point, the second suspension shall be for a period of 10 days for each point, the third suspension shall be for a period of 15 days for each point and any subsequent suspension shall be for a period of one year.

(c) **Determination of subsequent suspensions.**—Every suspension and revocation under any provision of this subchapter shall be counted in determining whether a suspension is a second, third or subsequent suspension. Acceptance of Accelerative Rehabilitative Disposition for an offense enumerated in section 1532 (relating to revocation or suspension of operating privilege) shall be considered a suspension in making such determination. (Footnote omitted.)

(d) **Section not exclusive.**—Suspension under this section is in addition to any suspension mandated under section 1535 (relating to schedule of convictions and points).

driver's license is sustained.[4]

4. Licensee's second contention that he is entitled to a three point credit for each of two consecutive years violation-free driving in accordance with section 1537 of the Vehicle Code, 75 Pa.C.S. § 1537 is not properly before this Court. Licensee's proper remedy would be to seek administrative relief by asking DOT for a formal point reduction. If Licensee is dissatisfied with the computation, he may appeal to a hearing examiner and subsequently to the Secretary of Transportation. The Secretary's final adjudication is appealable to this Court. However, the aforementioned procedures, set forth in 1 Pa.Code § 35 provide Licensee with various administrative remedies which he must exhaust before this Court can afford Licensee relief on the issue of credit for violation-free driving.