598 A.2d 1051

**James Alan CRUMP, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 26, 1991.

Decided Oct. 23, 1991.

Samuel J. Pasquarelli, for appellant.

David R. White, Asst. Counsel, for appellee.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

James Crump (licensee) appeals a common pleas court order dismissing his appeal from a decision of the Department of Transportation (DOT) suspending his driver's license for 130 days pursuant to § 1539 of the Vehicle Code, 75 Pa.C.S. § 1539. We reverse.

On October 17, 1986 the licensee was cited for speeding. On November 23, 1987, more than a year after his first citation, the licensee was again cited for speeding and given four points upon conviction for that offense sometime before January 23, 1988. He was cited a third time for speeding on June 16, 1988 and received five points on June 29, 1988.

When DOT received notice of the licensee's August 4, 1988 conviction for his first citation, it recorded four points and suspended his license because he had then accumulated thirteen points.

The licensee appealed this decision to the Allegheny County Common Pleas Court, which remanded the case to DOT to correct what it perceived to be discrepancies in the

record. DOT appealed the remand order and this court, upon its own motion, quashed the department's appeal as interlocutory.

DOT, by official notice on June 15, 1990, reinstated the licensee's suspension. The licensee appealed this decision and, after a hearing *de novo*, the common pleas court entered an order dismissing his appeal.

The licensee argues that the trial court erred when it dismissed his appeal because, under section 1535 of the Vehicle Code, 75 Pa.C.S. § 1535, points are to be assessed as of the date of violation. That section provides:

(a) General rule.—A point system for driver education and control is hereby established which is related to other provisions for use, suspension and revocation of the operating privilege as specified under this title. Every driver licensed in this Commonwealth who is convicted of any of the following offenses *shall be assessed points as of the date of violation.* (Emphasis added.)

The licensee asserts that his present total accumulation is only ten points in that DOT's assessment of his points from the October 1986 violation with the more recent violations was contrary to law. He maintains that, under section 1537(a) of the Code, 75 Pa.C.S. § 1537(a), because over twelve consecutive months have passed between his first violation in October 1986 and his second violation in November 1987, DOT should remove three points from his record.

DOT counters that, under section 1537(a), only *recorded* points may be removed from a licensee's record after a year without a violation. That section provides:

General rule.—Points *recorded* against any person shall be removed at the rate of three points for each 12 consecutive months in which such person has not committed any violation which results in the assignment of points or in suspension or revocation under this chapter. *Removal of points is governed by the date of violation.* (Emphasis added.)

DOT argues that points cannot be recorded until a licensee is convicted of an assessable offense. Therefore, no points could have been removed since no points attributable to the licensee's first offense could have been recorded until *after* his convictions for the second and third offenses. DOT asserts that removing three points in this instance rewards a licensee's delay of his conviction date.

█ Section 1535 specifies that points "shall be assessed ... as of the date of violation." Furthermore, section 1537(a) mandates that "[r]emoval of points is governed by the date of violation." Therefore, the date of violation, rather than the date of conviction, is the controlling factor in this case.

DOT cites *Shuman v. Commonwealth*, 54 Pa.Commonwealth Ct. 30, 419 A.2d 810 (1980), for the point of law that the licensee is prohibited from manipulating conviction dates in order to avoid point accumulation. However, as noted, the *violation* date controls the removal of points. Therefore, the licensee in the present case could not possibly manipulate the date of violation in order to delay commencement of a one year, violation-free driving period.[1]

█ Because the licensee did successfully complete over one year of violation-free driving after the date of his first violation, he satisfied the requirements of section 1537(a) for reducing points assessed, even retroactively, within that time period.

Accordingly, we reverse the common pleas court order and remand this case to DOT to remove three points from the licensee's driving record.

## ORDER

Now, October 23, 1991, the order of the Court of Common Pleas of Allegheny County, dated September 18, 1990, No. SA 1897 of 1990, is reversed, and the case is remanded to

---

1. Additionally, there is nothing in the record to indicate how or why the licensee's conviction for his first violation was delayed until after his second and third convictions.

the Department of Transportation for proceedings consistent with this opinion.

Jurisdiction relinquished.

SILVESTRI, Senior Judge, dissenting.

I do not disagree with the majority's assignment of points; rather, I write separately to indicate my belief that a challenge to an assignment of points or request for removal of points pursuant to Section 1537(a), 75 Pa.C.S. § 1537(a), should be challenged in a separate proceeding.

In *In re Eberle*, 132 Pa.Commonwealth Ct. 152, 572 A.2d 239 (1990), this Court noted in footnote 4 that entitlement to point reductions under Section 1537 is not properly before us until a licensee has exhausted administrative remedies. As illustrated in that explanatory footnote, the proper procedure for a licensee is to first seek relief from DOT by specifically asking for a formal point reduction. Thereafter, a dissatisfied licensee may appeal to a hearing examiner and then may further appeal to the Secretary of Transportation. Only a final adjudication by the Secretary is to be appealed to this Court.

Appellate courts of this Commonwealth readily acknowledge that failure to pursue and exhaust administrative remedies provided by 1 Pa.Code § 35.1 *et seq.* precludes judicial review. *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982); *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 422 A.2d 141 (1980); *National Home Life Assurance Co. v. Insurance Department*, 85 Pa.Commonwealth Ct. 589, 483 A.2d 1036 (1984).

I endorse the procedure explained in footnote 4 and write merely to emphasize that a separate proceeding should be undertaken in the instant case before the appeal properly is at issue before this Court.