**Thomas LADD, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 25, 2000.

Decided May 30, 2000.

---

David E. Hershey, Harrisburg, for appellant.

Elaine N. Blass, Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

Before DOYLE, President Judge, FRIEDMAN, J., and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

Thomas Ladd (Licensee) appeals from an order of the Court of Common Pleas of York County (trial court), which dismissed three separate license revocation appeals filed by Licensee. Licensee's appeals were dismissed because the trial court held that it lacked subject matter jurisdiction. We reverse and remand.

In 1990, Licensee was charged with and convicted of two counts of fleeing or attempting to elude police officers, in violation of section 3733 of the Vehicle Code, 75 Pa.C.S. § 3733, and one count of driving with a suspended and/or revoked license, in violation of section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543. As a result of these convictions, the Commonwealth of Pennsylvania, Department of Transportation (DOT), designated Licensee a "habitual offender" and revoked his driving privileges for five years, effective January 15, 1993, pursuant to section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542. Section 1542 provides that DOT shall revoke the operating privileges of any person found to be a habitual offender for a period of five years. 75 Pa.C.S. § 1542. A "habitual offender" is defined as any person whose driving record shows that such person has accumulated three convictions for the separate and distinct offenses enumerated in section 1542(b) committed within any period of five years. At the time Licensee committed his offenses, violations of sections 3733 and 1543 were among those enumerated in section 1542(b).

While his driving privileges were revoked, Licensee was cited three more times, on June 4, August 22 and September 4, 1995, for violating section 1543. Licensee was convicted of all three offenses on September 27, 1995. However, prior to his conviction for these offenses, the Vehicle Code was amended by the Act of December 12, 1994, P.L. 1048 (Act 143), which deleted violations of section 1543 from the list of enumerated offenses under section 1542(b). Further, Act 143 authorized DOT to apply Act 143 retroactively to drivers previously designated as habitual offenders, but who, under the provisions of Act 143, would no longer be designated

habitual offenders.[1] Because Licensee was designated a habitual offender due to his section 1543 conviction, no longer an enumerated offense, DOT applied Act 143 retroactively to Licensee and restored his driving privileges as of May 2, 1996.

On May 13, 1996, shortly after DOT restored Licensee's driving privileges, DOT processed Licensee's three 1995 section 1543 convictions. Because Licensee was under revocation at the time Licensee committed the section 1543 violations, DOT imposed a two-year revocation for each violation pursuant to section 1543(c)(2) of the Vehicle Code.[2] DOT sent three separate notices of revocation to Licensee informing him that his driving privileges were being revoked for two years. Each notice provided that Licensee had the right to appeal DOT's action to the trial court within 30 days of the mailing date of each notice. Licensee filed three separate timely appeals, one from each notice, with the trial court. The appeals were consolidated, and a hearing was held before the trial court.

■ At the hearing, the trial court heard argument from counsel and admitted several documents into evidence, including a certified copy of Licensee's driving record and a transcript of a hearing from a related administrative proceeding held before a DOT hearing examiner.[3] Licensee argued that, by applying Act 143 retroactively to his driving record, DOT removed him from habitual offender status. Licensee then reasoned that, because his license was no longer revoked when he was convicted, DOT improperly imposed the three two-year revocations under section 1543(c)(2), which provides for an additional two-year revocation upon a conviction for driving with a revoked license. DOT countered that the two-year revocations were proper pursuant to section 1543(c)(2) because Licensee's operating privileges were revoked when Licensee *committed* the section 1543 violations. Neither party suggested that the trial court did not have jurisdiction over the appeals.[4] Nevertheless, the trial court characterized Licensee's appeals as a request "to recalculate the length of his suspensions," (trial court op. at 1; R.R. at 101a), and dismissed Licensee's appeals for lack of subject matter jurisdiction. Licensee appeals to this court,[5] arguing, *inter alia*, that the trial court erred in determining that it did not have jurisdiction. We agree with Licensee that the trial court

---

1. Section 4(b) of Act 143 provides:
   For drivers who were designated as habitual offenders prior to the effective date of this amendatory act and who would no longer be designated as habitual offenders under the provisions of this act, [DOT] may remove these drivers from habitual offender status and require only that they complete the other sanctions associated with those convictions. Such persons may petition [DOT] for removal from habitual offender status and, if they are eligible for removal, shall no longer be designated as habitual offenders.

2. Section 1543(c)(2) of the Vehicle Code, 75 Pa.C.S. § 1543(c)(2), states that, if the licensee was under revocation on the date of violation, and had not been restored, DOT shall revoke the licensee's operating privileges for an additional two-year period. *See also* 75 Pa.C.S. § 1544.

3. On or about June 3, 1997, Licensee filed a request for a record review with DOT pursuant to section 1516 of the Vehicle Code, 75 Pa.C.S. § 1516, and DOT's regulations at 67 Pa.Code §§ 491.1–491.13. A hearing was held before a hearing examiner on July 30, 1997. The hearing examiner issued findings of fact and conclusions of law effectively denying the relief requested by Licensee. Exceptions were filed, and the hearing examiner's proposed report was made final on December 28, 1999. Licensee has filed a petition for review with this court pursuant to 42 Pa.C.S. § 763, which is currently pending before this court.

4. Indeed, at the related administrative hearing, DOT argued that the trial court was the proper forum for Licensee's appeals. (R.R at 71–72a.)

5. Our scope of review of this case, which presents solely a question of law, is plenary. *See Deliman v. Department of Transportation*, 718 A.2d 388 (Pa.Cmwlth.1998).

has subject matter jurisdiction to hear his license revocation appeals.

Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550, provides that any person whose operating privilege has been suspended by DOT, shall have the right to appeal to the court vested with jurisdiction of such appeals pursuant to Title 42 (relating to judiciary and judicial procedure). Title 42 vests the courts of common pleas with jurisdiction over appeals from determinations of DOT that are appealable under section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550. 42 Pa.C.S. § 933. In other words, the courts of common pleas have jurisdiction over appeals from license suspensions and/or revocations.

▆▆▆ Although the courts of common pleas have *jurisdiction* to hear license suspension appeals, we have stated on numerous occasions that the only issues on an appeal from a license suspension or revocation are whether the licensee was, in fact, convicted and whether DOT acted in accordance with applicable law.[6] *See e.g. Zeitlen v. Department of Transportation,* 106 Pa.Cmwlth. 170, 525 A.2d 876 (1987). Here, it is conceded that Licensee was convicted of violating section 1543 on three separate occasions. What Licensee challenges on appeal, however, is whether DOT acted in accordance with applicable law by imposing three two-year revocations as a result of those convictions. Accordingly, this is an appropriate issue for appeal before the trial court.

In concluding that it lacked subject matter jurisdiction over Licensee's appeals, the trial court misconstrued Act 143. Section 4(b) of Act 143 provides:

> For drivers who were designated as habitual offenders prior to the effective date of this amendatory act and who would no longer be designated as habitual offenders under the provisions of this act, [DOT] may remove these drivers from habitual offender status and require only that they complete the other sanctions associated with those convictions. Such persons may petition [DOT] for removal from habitual offender status and, if they are eligible for removal, shall no longer be designated as habitual offenders.

Clearly, Act 143 vests in DOT the discretion to remove eligible drivers from habitual offender status. If DOT chooses not to exercise its discretion, the driver may petition DOT for removal, and, if the driver is eligible for removal, Act 143 *requires* that DOT remove the person from habitual offender status. As the trial court correctly noted, this is initiated through the administrative process by applying for removal with DOT. (Trial court op. at 4; R.R. at 104a.) The trial court then concluded that it lacked subject matter jurisdiction because Licensee was requesting a recalculation of his driving record, which could be done only through the administrative process.

The trial court misperceived Licensee's argument. Licensee was not requesting

---

6. We note that, although the courts of common pleas have jurisdiction over license suspension appeals generally, there are several instances where we have limited the issues that are properly before the trial court on a license suspension appeal. For example, the underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature. *Ruby v. Department of Transportation,* 158 Pa.Cmwlth. 631, 632 A.2d 635 (1993); *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa.Cmwlth. 8, 453 A.2d 742 (1982). Further, the courts of common pleas are without authority to give a licensee credit toward a license suspension. *Department of Transportation, Bureau of Driv-*

*er Licensing v. Iacono,* 134 Pa.Cmwlth. 243, 578 A.2d 1005 (1990), *appeal denied,* 527 Pa. 612, 590 A.2d 298 (1991); *Department of Transportation, Bureau of Driver Licensing v. Cardell,* 130 Pa.Cmwlth. 516, 568 A.2d 999 (1990); *Department of Transportation, Bureau of Traffic Safety v. Yarbinitz,* 97 Pa.Cmwlth. 169, 508 A.2d 641 (1986) (recognizing that the proper forum for a licensee to seek credit against a suspension is through the administrative process by applying to DOT). We have also noted that the administrative process is the proper remedy in seeking a reduction in points. *See In re Eberle,* 132 Pa.Cmwlth. 152, 572 A.2d 239 (1990).

that the trial court recalculate his driving record. Instead, Licensee was seeking an adjudication that DOT failed to act according to the law after DOT removed Licensee from habitual offender status. According to Licensee, once DOT removed Licensee from habitual offender status, DOT could properly impose only three one-year suspensions as a result of his section 1543 convictions; thus, Licensee asserted that DOT sentenced him in violation of the law when it imposed three two-year revocations. That issue was properly before the trial court, and the trial court erred in holding otherwise.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 30th day of May, 2000, the order of the Court of Common Pleas of York County, dated July 26, 1999, is hereby reversed, and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.