**Thomas Joseph WAITE**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 2003.
Decided Oct. 29, 2003.

---

Terrance M. Edwards, Harrisburg, for appellant.

Dawson R. Muth, West Chester, for appellee.

BEFORE: COLINS, President Judge, McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the order of the Court of Common Pleas of Chester County (common pleas court) dated January 30, 2003, which ordered that DOT recalculate Thomas Joseph Waite's (Waite) two periods of suspension as required by 75 Pa.C.S. § 1540(a).

On October 3, 1998, Waite was charged with driving under the influence of alcohol, 75 Pa.C.S. § 3731(DUI). Waite was admitted into an accelerated rehabilitative disposition program (ARD). Then, on December 22, 1999, Waite committed a second DUI. As a result of the second offense, Waite was removed from ARD.

Waite entered a plea of guilty to the first offense on November 22, 2000. At that time he surrendered his driver's license to the common pleas court. However, a form DL–21 Report of the Clerk of Courts Showing the Conviction or Acquittal of Any Violation of the Vehicle Code (DL–21) was not transmitted to DOT notifying them that Waite had surrendered his license.

By agreement between the District Attorney and counsel for Waite, the sentence for Waite's first offense was to be packaged with his plea and sentencing on his second offense. The plea to the second offense was entered on November 30, 2001, and the common pleas court entered sentence on both charges. At that time, Waite surrendered a license which DOT had sent to him in the interim and a DL–21 was forwarded to DOT.

Waite did not receive a notice of suspension from DOT until March 5, 2002. The notice erroneously dated the first conviction date as November 30, 2001. Waite appealed the notice of suspension to the common pleas court. On May 23, 2002, the common pleas court found that Waite pled guilty to a DUI and surrendered his license to the common pleas court on November 22, 2000, and therefore the effective date of suspension should be November 22, 2000. The common pleas court remanded to DOT to correct the periods of suspension. DOT did not appeal this order. DOT replied to a letter from Waite that his driving privileges would not be restored until March 5, 2004. According to the letter his first period of suspension began March 5, 2002, and his second one year thereafter.

On November 6, 2002, Waite petitioned for contempt against DOT and alleged DOT failed to correct the effective date of the period of suspension of his operating privileges in accordance with the common pleas court's order of May 23, 2002. After a hearing, the common pleas court found as follows:

> I think the situation before me has elements both of error of law and of credit. To me the error of law resides in the fact that the Commonwealth is not treating each suspension period as having begun the day the licensee surrendered his license, in this case the first date

being November 22, 2000, and the second date being November 30, 2001. However, once those dates are established, the matter does become one of giving credit.

Opinion, Common Pleas Court, January 30, 2003, at 4; Reproduced Record (R.R). at 130a.

On appeal [1], DOT argues that the common pleas court lacked subject matter jurisdiction to enter an order directing them to correct the dates from which Waite would begin serving his license suspensions to November 22, 2000, and November 30, 2001. DOT contends that this is a matter of credit determination and "the common pleas court lacks authority to compute and credit periods of suspension, *even if done accurately.*" *Department of Transportation, Bureau of Driver Licensing v. Cardell,* 130 Pa.Cmwlth. 516, 568 A.2d 999, 1001 (1990) (emphasis in the original). Further, DOT argues that Waite was not appealing either of the two one-year suspensions of his operating privileges but instead was appealing the ignition interlock requirement.[2] DOT maintains that the common pleas court had subject matter jurisdiction over this appeal but only with respect to the ignition interlock requirement and the second one-year suspension (which Waite did not challenge).

This Court does not agree. We concur with the common pleas court that the question at issue is not a credit determination but whether DOT acted in violation of law.

Section 1540(a) of the Vehicle Code provides:

Upon conviction by a court of competent jurisdiction for any offense which calls for mandatory suspension in accordance with section 1532 (relating to revocation or suspension of operating privilege), the court or the district attorney shall require the surrender of any driver's license then held by the defendant and shall forward the driver's license together with a record of the conviction to the department. The suspension or revocation shall be effective upon a date determined by the court or district attorney or upon the date of surrender of the license to the court or district attorney, whichever shall first occur.

75 Pa C.S. § 1540(a).

Here, Waite surrendered his license to the common pleas court on November 22, 2000. According to Section 1540(a), the suspension was effective on that date. In this instance, as the common pleas court pointed out, "the Clerk of Courts should have sent a DL–21 to the Department of Transportation on November 22, 2000, with regards to Criminal Information No. 1209." Common Pleas Court Opinion,

---

**1.** Our review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law were committed, or whether the trial court committed an abuse of discretion in making its determination. *Department of Transportation v. Renwick,* 543 Pa. 122, 669 A.2d 934 (1996).

**2.** Contrary to DOT's assertion, Waite's petition does request that his license suspension be amended. The petition for appeal filed April 3, 2002, states:

... Petitioner respectfully requests that this Honorable Court enter an Order declaring Act 63 of 2000 unconstitutional and vacating the Ignition Interlock provision contained in the Official Notice of Suspension issued by the Department of Transportation. Petitioner further requests that this Honorable Court enter an Order amending the one year license suspension of his driving privileges to properly reflect the sentence of the Court.

Petition for Appeal, April 3, 2002, at 5–6; R.R. at 10–11a.

May 23, 2002, (Opinion) at 2; R.R. at 23a. To resolve the situation the common pleas court directed that the DL–21 for "Criminal Information No. 1209–00 should reflect the surrender of the license as of November 22, 2000. I will request them to forward an Amended DL–21 to the Department of Transportation, and I will remand the matter to the Department so that they may correct the periods of suspension accordingly." Opinion at 3; R.R. at 24a. DOT failed to make the correction and did not appeal.

In *Ladd v. Department of Transportation,* 753 A.2d 318 (Pa.Cmwlth.2000), this Court stated:

Although the courts of common pleas have *jurisdiction* to hear license suspension appeals, we have stated on numerous occasions that the only issues on an appeal from a license suspension or revocation are whether the licensee was, in fact, convicted and whether DOT acted in accordance with applicable law. (emphasis in original)

*Ladd,* 753 A.2d at 321. In *Ladd,* the licensee questioned whether DOT acted according to the law after DOT removed the licensee *from habitual offender status.* The trial court found this to be a matter of credit and said it did not have authority to consider matters of credit. This Court reversed and remanded and found that "Licensee asserted that DOT sentenced him in violation of the law when it imposed three two-year revocations. That issue was properly before the trial court and the trial court erred in holding otherwise." *Ladd,* 753 A.2d at 322.

In this instance, the common pleas court originally determined that an error had been made in determining the date Waite surrendered his license to the court and when each suspension period should begin. The common pleas court ordered that error be corrected. DOT ignored that finding and made its own determination as to when the suspension should run. Moreover, DOT did not appeal the common pleas court's determination. If DOT wanted to challenge the period of suspension, it should have appealed the original order instead of collaterally attacking the common pleas court's decision to enforce its original order.

Unlike *Ladd,* here, the common pleas court correctly noted it enjoyed subject matter jurisdiction because Waite challenged whether DOT acted in accordance with law when it failed to treat each suspension period as beginning the day that he surrendered his license to the common pleas court. The common pleas court accurately perceived that Waite did not request a recalculation of his suspensions.

Accordingly, we affirm.

### ORDER

AND NOW, this 29th day of October, 2003, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.