J-A14018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DURANT J. JOHNSON | |
| Appellant | No. 1285 MDA 2015 |

Appeal from the Judgment of Sentence July 6, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-SA-0000046-2015

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED MAY 10, 2016**

Durant J. Johnson appeals *pro se* from the judgment of sentence imposed on June 25, 2015, in the Court of Common Pleas of Franklin County.  Following a summary appeal and *de novo* hearing, the trial court found Durant guilty of driving while operating privilege is suspended or revoked[1] (sixth offense), and sentenced him to 30 days to 6 months'

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(a).

incarceration.[2]  Because we find Johnson has waived any claims on appeal, we affirm.

On December 6, 2014, Johnson was charged with driving while operating privileges is suspended or revoked, and was subsequently found guilty of that offense and sentenced by a magisterial district judge.  Johnson appealed to the court of common pleas, and was granted a *de novo* hearing on June 25, 2015.  The trial court found Johnson guilty, and sentenced him as stated above.  Johnson filed a notice of appeal *pro se*.  Thereafter, in response to the order of the trial court, he filed a Pa.R.A.P. 1925(b) statement, which reads in its entirety:

> I would like to appeal this suspension license ticket because of ***Thomas Ladd v. Commonwealth Dept. of Transportation***, [753 A.2d 318 (Pa. Cmwlth. 2000)].  It talks about retroactively

_____

[2] Specifically, the trial judge re-imposed the sentence previously imposed by the magisterial district judge:

> [Johnson] is …  subject to $1000 fine and a jail sentence minimum of 30 days but not more than 6 months, the Court hereby confirms the judgment of sentence imposed by the magisterial district judge for a sentence of 30 days in the Franklin County Jail, and it appearing that [Johnson] has satisfied that condition will not be incarcerated this date.  It further appears that sentence was imposed  April 2, 2015, and was intended to impose a 150 day suspended sentence subsequent to the servi[ng] of the jail sentence of 30 days, the Court hereby confirms this portion of the sentence and the fines and costs imposed by the magisterial district judge with the addition of $5 certification fee.

Order, 6/25/2015.

reinstating licenses. I believe this applies to me because I was placed under suspension because of a <u>mistake by Penndot</u>. I believe statute 42 Pa.C.S.A. [§] 903(b), Cross Appeals could come into play. I just came across ***Ladd*** a few months ago. I guess my trial lawyer back through July 2014 was not aware of ***Ladd*** because he handled my Dept. of Transportation hearing also. I will include ***Ladd*** and the petition of the mistake. A nunc pro tunc decision in the Commonwealth Court for the license itself of a Cross Appeal may help this court.

Johnson's *pro se* Concise Statement, 8/20/2015.

In its Rule 1925(a) opinion, the trial court noted that Johnson's concise statement "makes no attempt to explain how ***Ladd*** impacts his conviction [and] that Johnson only claimed with regard to 42 P.C.S. § 903(b) was that it "'could come into play'." Trial Court Opinion, 9/16/2015, at 2 (unnumbered). The trial court found itself "in the unenviable position of having to guess as to why [Johnson] is appealing the decision of this Court." ***Id.*** The trial court opined Johnson "alleges no errors made by this Court, and presents no issues sufficiently clear enough to be properly addressed by this Court." ***Id.*** The trial court concluded that Johnson failed to comply with Rule 1925(b) and therefore waived his claims on appeal.

It is well established that:

[A] timely-filed Pa.R.A.P. 1925(b) statement statement does not automatically equate to issue preservation. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 210 (Pa. Super. 2008). "[T]he Pa.R.A.P. 1925(b) statement must be sufficiently 'concise' and 'coherent' such that the trial court judge may be able to identify the issues to be raised on appeal. . . ." ***Id.***

Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the

appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While [**Commonwealth v.**] **Lord**[,] [553 Pa. 415, 719 A.2d 306 (1998)] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that **Lord** should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal.

**Commonwealth v. Dowling**, 2001 PA Super 166, 778 A.2d 166, 778 A.2d 683, 686–687 (Pa. Super. 2001) (citations and quotation marks omitted).

**Commonwealth v. Ray**, ___ A.3d ___, ___ [2016 PA Super 37, 2016 Pa. Super. LEXIS 104] (Pa. Super. 2016).

Here, the claims Johnson raises in his concise statement lack the requisite specificity required by our rules of court. **See** Pa. R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). Johnson does not identify any rulings of the trial court that constituted an abuse of discretion or misapplication of the law to support his appeal. Accordingly, we agree with the trial court that Johnson waived appellate review. **See** Pa.R.A.P. 1925(b)(4).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016